JOSEPH A. MYERS et al.

*vs.*

ALEXIUS JOSEPH MYERS, JR., et al.

*Grantor and Grantee: when in fiduciary relations; burden of
proof; voluntary conveyances; between brokers.*

Where the relations between a grantor and a grantee are of a
fiduciary and confidential nature, the burden of proof to sus-
tain the deed is upon the grantee.                        p. 264

But when such burden of proof has been sustained, and the
deed shown to have been the free, voluntary and unbiased act
of the grantor, it will not be vacated or set aside at the instance
of the heirs at law of the grantor.                       p. 263

*Decided April 5th, 1916.*

Appeal from the Circuit Court of Baltimore City.
(Soper, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe,
Burke, Thomas, Pattison, Urner, Stockbridge and Con-
stable, JJ.

*E. J. Ellinger* and *Fred. W. Story,* for the appellants.

*Charles F. Harley* and *Edward L. Ward* (with whom was
*Edwin Webster Wells* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is a bill in equity filed on April 15th, 1915, in the Circuit Court of Baltimore City, by the appellants against the appellees, to vacate and set aside a deed of trust, dated the 30th day of January, 1891, from Ambrose M. Myers, late of Baltimore City, deceased, to his brother, Alexius Joseph Myers, as trustee.

The bill is filed by a nephew, a grandnephew, and a grandniece, against two nephews and a niece of the grantor in the deed.

Mr. Myers, the grantor, died on the 29th day of March, 1915, at the advanced age of eighty-three years, intestate and without children. He never married, but left the parties to this suit, as his next of kin and heirs at law.

By the deed the property named therein is conveyed unto his brother, Alexius Joseph Myers, as trustee, as follows: "All the estate and interest, right, claim and demand, both at law and in equity of him, Ambrose M. Myers, in and to the estate of his father, the late Charles Myers, deceased, which estate and interest, the Court of Appeals of Maryland has recently decided to be one undivided third part thereof, absolutely in trust and special confidence nevertheless and to, for and upon the uses and trusts, following; that is to say, in trust that the said Alexius Joseph Myers shall, during the life of the said Ambrose M. Myers, collect and receive all the income, interest and dividends arising from said estate, and after first paying the costs and expenses of this trust and any and all taxes, public dues, insurance, ground rents, necessary repairs and outlays, together with all other expenses accruing or accrued on said property, then to pay the net income arising from said estate to the said Ambrose M. Myers during his life, in monthly, quarterly or half-yearly instalments, as the said Alexius Joseph Myers or his successor or successors in the trust may deem most advisable, and from and immediately after the death of the said Ambrose M. Myers in trust that the one-half part of said estate shall pass to and become the absolute estate and prop-

erty of any lawful child or children or grandchild or grand-
children that the said Ambrose M. Myers may leave him sur-
viving, to take *per stirpes* and not *per capita,* and the other
one-half part thereof shall pass to and become the absolute
estate and property of the said Alexius Joseph Myers, his
heirs, executors, administrators and assigns absolutely, but
in case the said Ambrose M. Myers shall die without leaving
any child or children or grandchildren lawfully begotten, liv-
ing at the time of his death, then and in that event that the
whole of said estate and property shall pass to and become
the absolute estate and property of the said Alexius Joseph
Myers, his heirs, executors, administrators and assigns abso-
lutely," and the said trustee and his successors in the trust
are fully authorized and empowered to make such changes of
the investments of the trust estate as he or they may deem
right, proper and expedient and to sell, lease, mortgage or
dispose of the same or any part thereof, in such manner as
he or they may consider most advantageous and beneficial
for the trust created.

The grounds upon which it is contended that the deed
should be annulled and set aside appear to be as follows:

First, that the deed is without consideration and was pro-
cured by undue influence exercised upon the grantor by his
brother the beneficiary and the trustee named therein.

Second, because the grantor was at the time of its execu-
tion mentally incapable of executing a valid deed or con-
tract, and

Third, as alleged by the fourth paragraph of the bill,
because the grantor during his whole life was mentally de-
ficient and in fact, imbecile and unable to attend to ordinary
business, incapable of making contract beyond his immedi-
ate wants and daily needs.

The deed of trust, was executed on the 30th day of Janu-
ary, 1891, when Mr. Myers, was about sixty years of age,
and his brother, the trustee, thereupon placed the trust under
the supervision of a Court of Equity. In 1895, the brother
died, and was succeeded in the trust by Mr. Harry L. Frary.

Upon the death of Mr. Frary in 1898, Mr. Benjamin F. Horwitz of the Baltimore bar, was appointed trustee. In 1898, Alexius Joseph Myers, Jr., a son of the first trustee, and one of the present appellees, was appointed, and remained as trustee, until the death of his uncle, the grantor, on March the twenty-ninth, 1915.

The defendants in their answers, deny the material allegations of the bill, and aver in answer to the third and fourth paragraphs thereof, that the grantor, at the time of the execution of the deed, was of sound and disposing mind and mentally competent to execute a valid deed or contract, that the grantor executed the deed of his own free will and accord, and that during the period of twenty-four years which has elapsed since its execution the grantor acted in pursuance of its provisions and terms and in every way upheld its validity, that the deed was not procured by undue influence or fraud, but was the product of his own free will and he always acted under its provisions and terms.

The case was heard upon bill, answer and proof, in open Court, and from a decree of the Court below in dismissing the bill, the plaintiffs have appealed.

A large mass of testimony was taken in the case but as there is no satisfactory evidence, to sustain the charges of fraud and undue influence, we shall only refer to that part of the testimony bearing upon the mental capacity of the grantor to make a valid deed or contract at the time of its execution.

The law defining the mental capacity which a grantor in a deed of this character, is required to have in order to make a valid deed, has so repeatedly and recently been declared and announced by this Court, that it would answer no good purpose to extend this opinion by a further review of it. *Brown* v. *Fidelity Trust Co.,* 126 Md. 183; *Brown* v. *Mercantile Trust Co.,* 87 Md. 398.

In the present case, it will be seen, that the deed of trust which is assailed was executed over twenty-four years ago

and many of the parties connected with the transaction are now dead.

The deed was never questioned by the grantor in his lifetime, but the various acts by the several trustees, were always acquiesced and concurred in by him, in his lifetime. Joseph A. Myers one of the plaintiffs testified that he knew of the execution of the deed one or two days after its record, but no claim of incapacity was made, until October 22nd, 1914, when a petition for lunacy proceedings was filed by him, in Circuit Court No. 1 of Baltimore City.

We have carefully examined the evidence appearing in the record and it fails to establish such a want of mental capacity upon the part of the grantor at the time of its execution as would justify us in striking down or vacating this deed.

On the contrary, the proof shows that the deed was his free and voluntary act, that he understood its contents, and that he possessed sufficient mental capacity to dispose of his property with judgment and understanding, and was fully competent at the time to execute a valid deed or contract.

Dr. Clarke, his attending physician for fifteen years, testified that during the whole period of his acquaintance with him, up to and including March 19th, 1915, he was capable of executing a valid deed or contract.

Dr. Charles G. Hill and Dr. Homer U. Todd, both testified, that they visited the grantor, on or before the 18th of March, 1915, and they found him on that occasion capable of executing a valid deed or contract.

The testimony of Mr. Harry M. Benzinger of the Baltimore bar, and seven other witnesses, besides the defendants in the case, who saw the grantor frequently, had business transactions with him, and knew him well, all testify that he possessed the necessary mental capacity and was competent to execute a valid contract, at the date of the deed here in question.

As was said by this Court in *Eakle v. Reynolds,* 54 Md. 311: "A voluntary gift thus made by a capable donor in pursuance of a long-cherished purpose, to a favorite nephew

whom he had raised from childhood, and with whom he had lived on the most intimate and affectionate terms, negatives the suspicion of fraud and undue influence; and a Court ought not to set aside a deed made under such circumstances, except upon proof of the strongest and most conclusive character."

Without stopping to set out the testimony upon the part of the plaintiffs below, it is sufficient to say, that we find it altogether insufficient to establish the plaintiffs' case. *Zimmerman* v. *Frushour,* 108 Md. 115; *Kennedy* v. *McCann,* 101 Md. 650.

Assuming that the relation between the parties was of a fiduciary and confidential nature, we think the burden has been sustained by the defendants and the proof shows that the deed was the free, voluntary and unbiased act of the grantor. *Brown* v. *Mercantile Trust Co.,* 87 Md. 392, and cases there cited.

In view of the conclusion we have reached upon the record before us, the rulings of the Court upon the exceptions to testimony become unimportant and need not be reviewed by us.

For the reasons stated the decree will be affirmed.

*Decree affirmed, with costs.*